Defendant-appellant, Stephan J. Garver, appeals from his conviction and sentence by the Wayne County Municipal Court. We affirm.
On June 13, 1998, Defendant was arrested and charged with one count of Possession of Drug Paraphernalia in violation of R.C.2925.14(C)(1) and one count of Possession of Marijuana in violation of R.C. 2925.11(A). Defendant and Robin Marty were co-defendants for the purpose of the motion to suppress, and the trial court issued separate judgment entries regarding their convictions and sentences. This court has already outlined the facts of this case relating to the traffic stop that occurred just prior to Defendant's arrest. See State v. Marty (May 19, 1999), Wayne App. No. 98CA0057, unreported. After entering a plea of no contest, Defendant was found guilty of both charges and sentenced by the trial court.
Defendant timely appealed and has raised a single assignment of error.
ASSIGNMENT OF ERROR
 The trial court erred to the prejudice of Defendant when the trial court failed to grant the Defendant's motion to suppress, thereby depriving the Defendant's right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article One Section 14 of the Ohio Constitution.
In his assignment of error, Defendant argues that the trial court erred by denying his motion to dismiss for two reasons. First, he contends that the officer who stopped the vehicle did not have a reasonable and articulable suspicion of criminal activity to justify the traffic stop. Second, he avers that the length that the vehicle was detained to allow for a dog sniff was not lawful.
Based upon our disposition of these same contentions in Statev. Marty, supra, Defendant's assignment of error is overruled. See id. at 3-7. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
WHITMORE, J.
BATCHELDER, J.
CONCUR